# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| EDMOND J. CARRIERE, JR., | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. |
| | ) | 15-13496-FDS |
| SUPERINTENDENT SEAN MEDEIROS, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER
## ON AMENDED PETITION FOR A WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Edmond Carriere, Jr. is an inmate at the Massachusetts Correctional Institution at Norfolk.[1]

**I.  Background**

On January 3, 1980, Edmond Carriere's estranged wife Frances was murdered in her home in Bourne, Massachusetts. An intruder engaged Frances in a struggle, during which she fell to the floor, hit her head on a radiator, and was rendered unconscious. The assailant then stabbed her multiple times in the chest.

Carriere was tried in Barnstable County Superior Court 32 years later. In substance, the evidence showed that he devised the contract killing of his wife. Carriere reached out to a local

---
[1] This case was incorrectly docketed using the name *Carrierre*, which appears to reflect a typographical error.

drug dealer and acquaintance, Richard Grebauski, and asked him to murder Frances for pay. Grebauski agreed to take the job and recruited Steven Stewart to kill Frances, as Stewart was indebted to him for $500 for the purchase of cocaine. At the time of the murder, Carriere was in Florida with his daughters, which the Commonwealth maintained was a premeditated alibi. Witness testimony further showed that during his contentious divorce from Frances, Carriere had asked friends on more than one occasion whether they would be willing to kill Frances for money.

The prosecution case relied heavily on testimony from Stewart concerning the joint venture between Carriere, Grebauski, and himself. Stewart was originally convicted of Frances's murder in June 2005. However, that conviction was overturned on appeal. Shortly thereafter, Stewart entered into a plea agreement with the government, in which he agreed to testify against Carriere in exchange for a sentence of time served.

The jury convicted Carriere of murder in the first degree, on theories of deliberate premeditation and extreme atrocity or cruelty. He was sentenced to a mandatory term of life imprisonment without parole. Carriere appealed directly to the Supreme Judicial Court of Massachusetts, which affirmed the conviction in a lengthy and detailed opinion. *See Commonwealth v. Carriere*, 470 Mass. 1 (Mass. 2014).

On October 1, 2015, Carriere filed a petition for a writ of habeas corpus relief pursuant to 28 U.S.C. § 2254, which was amended on October 11, 2016. It appears that he asserts four grounds for relief in his amended *pro se* petition:

(1) denial of the right to a fair trial and to confrontation by the admission of certain hearsay statements;

(2) denial of the right to a fair trial by the admission of various statements that were more

2

prejudicial than probative;

(3) denial of the right to a fair trial because the trial judge prohibited him from entering specific testimony from a government witness that supported his defense; and

(4) denial of the right to a fair trial because of the prosecutor's inflammatory closing argument, which contained misstatements of law.

Among other things, respondent contends that Carriere has failed to exhaust his state-court remedies.

## II.  Analysis

### A.  Exhaustion Requirement

Before a court can evaluate the merits of a petitioner's constitutional claims, it must evaluate whether the claims were fairly presented to and exhausted in state court. 28 U.S.C. § 2254(b)(1)(A). "This exhaustion requirement . . . is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Rose v. Lundy*, 455 U.S. 509 (1982)).

In order to satisfy the exhaustion requirement, a petitioner must present both the factual and legal bases of his federal claim "fairly and recognizably" to the state courts. *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997). "To carry this burden, the petitioner must demonstrate that he tendered each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" *Id.* (quoting *Scarpa v. Dubois*, 38 F.3d 1, 6 (1st Cir. 1994)). "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

The First Circuit has identified at least five ways to satisfy the "fair presentment" requirement: (1) reliance on a specific provision of the Constitution, (2) substantive and conspicuous presentation of a federal constitutional claim, (3) on-point citation to federal constitutional precedents, (4) identification of a particular right specifically guaranteed by the Constitution, and (5) assertion of a state-law claim that is functionally identical to a federal constitutional claim. *See Coningford*, 640 F.3d at 482. These five methods of showing fair presentment are not exhaustive: the focus should center on the "*likelihood* that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." *Id.* (quoting *Nadworny v. Fair,* 872 F.2d 1093, 1098 (1st Cir. 1989)).

### B. <u>Petitioner's Brief to the SJC</u>

Respondent contends that the federal claim set out in Ground Two of the habeas petition was not fairly presented to the SJC on appeal. *See Adelson*, 131 F.3d at 263 (stating that "[e]xhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal"). In petitioner's brief to the SJC, he presented a similar claim, citing Massachusetts common-law cases concerning the admission of evidence. In his habeas petition, he cites federal constitutional precedent that discusses when the admission of inflammatory evidence constitutes a due-process violation. While the facts supporting petitioner's claim remain the same, his legal theory has changed. *See Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987) (concluding that the same substantive legal theory in support of a claim must be used in state and federal court to meet the requirement of fair presentation).

The determination as to whether a reasonable court could identify the federal nature of a claim in petitioner's state-court filings "is not a matter of guesswork. Rather, that calculation is informed by 'trappings-specific constitutional language, constitutional citation, appropriate

4

federal precedent, substantive constitutional analogy, argument with no masking state-law character, and the like.'" *Adelson*, 131 F.3d at 262 (quoting *Nadworny*, 872 F.2d at 1101)). Put simply, "[t]he fewer the [federal] trappings" throughout the state-court filings, "the less likely" it becomes the court will determine the federal claim was properly exhausted. *Id*.

Although Ground Two is based on federal constitutional principles, petitioner's brief to the SJC on the same matter was not presented in constitutional terms. *See Coningford*, 640 F.3d at 483. In his state-court brief, petitioner "made no mention of the Fourteenth Amendment, and eschewed all references to the concept of due process." *See Adelson*, 131 F.3d at 263. While he does cite a single Supreme Court case, at the end of a footnote, that case speaks to ineffective assistance of counsel, which is unrelated to his claim that the trial court admitted statements that were more prejudicial than probative. A single unfocused citation alone is insufficient to demonstrate the existence of a constitutional dimension to petitioner's claim. *See Clements v. Maloney*, 485 F.3d 158, 168 (1st Cir. 2007) (finding it "doubtful" that a single citation, even to a related Supreme Court case, would be sufficient to satisfy the fair presentation requirement).

Furthermore, while the caption of petitioner's claim in his brief to the SJC does assert his "right to a fair trial" had been violated, that vague reference, absent any further federal support in the accompanying analysis, is insufficient to raise his claim to one of constitutional stature. *See Adelson*, 131 F.3d at 263 (stating that the "mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim"). Even if petitioner had employed the phrase "due process right to a fair trial," as he did in some of his other claim captions, the effort would still have fallen short, as an "oblique" invocation of the phrase "due process" remains insufficient to satisfy the exhaustion requirement. *Gagne*, 835 F.2d at 7; s*ee also Coningford*,

5

640 F.3d at 483 (quoting *Dougan v. Ponte*, 727 F.2d 199, 201 (1st Cir. 1984) ("Alleging lack of a fair trial does not convert every complaint about evidence . . . into a federal due process claim")).[2]

Petitioner's brief to the SJC relied on Massachusetts evidentiary rules, Massachusetts common-law cases elaborating on those rules, and general allegations of unfairness. *See Coningford*, 640 F.3d at 483. While it is true that "deployment of federal authority sometimes is not a prerequisite to adequate presentation of a federal claim to the state courts . . . such occasions will be few and far between" and when present, they will typically involve "a suitable surrogate" such as "state cases or an analysis of state law that adopts or parallels federal constitutional analysis." *Adelson*, 131 F.3d at 263. In light of petitioner's choice to construct his claim in state court using purely evidentiary arguments, even "the most meticulous search on the part of the state court would have turned up nothing suggesting that petitioner was making a federal due process argument." *Gagne*, 835 F.2d at 8 (quoting *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984)).

Therefore, petitioner's claim did not "face-up and squarely" present a federal question, rendering his petition unexhausted as to Ground Two. *Martens*, 836 F.2d at 717.

Respondent has not argued that any of the other claims in the petition are unexhausted. Thus, the petition will be considered a mixed petition.

C. **Requirements for Mixed Petitions**

Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the

---

[2] The fair presentation problem with petitioner's claim is not just that he opted to caption it using the phrase "right to a fair trial," as opposed to other claim captions in the same brief where he writes out "due process right to a fair trial" in full. Rather, Ground Two falls short of fairly presenting a federal claim because of its accompanying analysis, which lacks any federal argumentation.

6

petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. *See Rhines v. Weber,* 544 U.S. 269, 275–76 (2005); *see also Rose,* 455 U.S. at 522; *Neverson v. Farquharson,* 366 F.3d 32, 43 (1st Cir. 2004). A court may exercise the third option to stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances." *Rhines,* 544 U.S. at 277. Specifically, a court may do so only if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278; *see also Clements,* 485 F.3d at 169–71.

A petitioner's intentional decision to argue a claim on state grounds does not establish good cause. *See Clements,* 485 F.3d at 171. Similarly, neither ineffective assistance of appellate counsel, nor a litigant's *pro se* status, will support a finding of good cause in the habeas context. *See Sullivan v. Saba,* 840 F. Supp. 2d 429, 437 (D. Mass. 2012). *Pro se* status alone proves insufficient to establish good cause particularly in cases where, as here, the petitioner was represented by counsel throughout his or her state-court proceedings. *See Biggs v. Dennehy*, 2006 WL 6499321 at *2 (D. Mass. March 6, 2006) (finding no showing of good cause where petitioner was represented by counsel at all stages of state-court proceedings and had ample opportunity to bring unexhausted claims before state court).

Petitioner has not requested a stay of his petition, provided any reason why a stay would be appropriate, or demonstrated good cause for his failure to exhaust. *See Rhines,* 544 U.S. at 278. Accordingly, the petition will not be stayed.

Petitioner may elect to dismiss the unexhausted evidentiary claim (Ground Two) and proceed with the remainder of his claims, or accept dismissal of the entire petition. The petition

7

will be denied unless, within 60 days of the date of this order, petitioner files a request to dismiss the unexhausted claim and proceed on the merits of the exhausted claims.

## III. Conclusion

For the foregoing reasons, the amended habeas petition will be denied unless, within 60 days of the date of this order, petitioner files a request to dismiss the unexhausted claim in the petition and proceed on the merits of the exhausted claims.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: June 22, 2017 | United States District Judge |